IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NICHOLAS D. BROOKS, | CASE NO. 7:14CV00536 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| HAROLD W. CLARKE, | By: Norman K. Moon |
| | United States District Judge |
| Respondent. | |

Petitioner Nicholas D. Brooks, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2011 conviction and sentence in Orange County Circuit Court.[1] The court notified Brooks that his petition appeared to be untimely filed under 28 U.S.C. § 2244(d) and granted him an opportunity to provide additional information on that issue, which he has done. After review of this additional information, the petition, and court records available online, I conclude that the petition must be summarily dismissed as untimely filed.

I.

Brooks pleaded guilty in Orange County Circuit Court to eight counts related to reproduction of child pornography (CR10000281 to CR10000288). The Circuit Court sentenced Brooks to a total of 80 years in prison with 69 years suspended and entered judgment on May 6, 2011. Brooks filed an appeal, which the Court of Appeals of Virginia dismissed on October 28, 2011. Brooks did not appeal this disposition to the Supreme Court of Virginia.

Brooks filed a petition for a writ of habeas corpus in Orange County Circuit Court on July 17, 2013, alleging (as he does here) that counsel was ineffective in failing to advise him of

---

[1] Brooks initially filed his petition in the United States District Court for the Eastern District of Virginia, but the case was transferred here, because the court of conviction is located within this court's jurisdiction.

the consequences of his guilty pleas and failing to present mitigating evidence at sentencing (CL13000159-00). The circuit court denied relief on October 24, 2013. Brooks' habeas appeals to the Supreme Court of Virginia (131786 & 132052) were dismissed by that court on June 30, 2014.

Brooks filed his federal habeas petition, at the earliest, on August 27, 2014, when the Eastern District court received a copy of his petition from his mother, who had signed the petition on Brooks' behalf. Brooks later submitted his affidavit, stating that he had approved the petition and believed the information therein contained to be true.

## II

A person in custody under the judgment of a state court has one year to file a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1).[2] Generally, this period begins to run from the date on which the judgment of conviction becomes final, which occurs when petitioner has exhausted his opportunities to seek direct review. § 2244(d)(1)(A). If the district court gives petitioner notice that the petition appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and petitioner fails to make the

---

[2] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

requisite showing, the district court may summarily dismiss the petition. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Brooks did not file his § 2254 petition within the applicable statutory period. Brooks' conviction became final under § 2244(d)(1)(A) on November 29, 2011, when the time expired for him to appeal the Court of Appeals of Virginia dismissal of his criminal appeal. On that date, Brooks' one-year period under § 2244(d)(1)(A) began to run and expired on November 27, 2012. He filed his current petition nearly two years after that, in August 2014.[3] Thus, his petition was not timely filed. Brooks also fails to present any ground on which he is entitled to equitable tolling of the statutory filing period under § 2244(d)(1). *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (finding equitable tolling available when petitioner demonstrates due diligence and exceptional circumstances that prevented him from filing on time); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (finding that inmate's *pro se* status and ignorance of law are not sufficient grounds to justify equitable tolling).

For the reasons stated, the court dismisses Brooks's petition as untimely filed. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTER**: This __8th__ day of May, 2015.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] The running of the federal statutory period is tolled while any state habeas corpus proceedings are pending. *See* 28 U.S.C. § 2244(d)(2). Because Brooks did not file his state court habeas petition until after his federal filing period expired, however, the state habeas proceedings did not toll the federal period.